**EASTMAN KODAK CO. v. UNITED STATES.**

No. 42658.

Court of Claims.

Oct. 7, 1940.

O. R. Folsom-Jones, of Washington, D. C. (Kingman Brewster and John Ward Cutler, both of Washington, D. C., and Hubbell, Taylor, Goodwin, Nixon & Hargrave, of Rochester, N. Y., on the brief), for plaintiff.

John A. Rees, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, and GREEN, Judges.

LITTLETON, Judge.

The amount of $216,966.33 which plaintiff seeks to recover in this case is a portion of the tax payments involved in the case of this taxpayer in case No. M–81 considered and decided by this court Feb. 3, 1936, 13 F.Supp. 435, 82 Ct.Cl. 504. In that case we held that certain amounts, totaling $1,289,095.42, paid by plaintiff to the collector of internal revenue as taxes due by it, of which the amount of $216,-966.33 here sought to be recovered is a part, were properly and legally applied by the Commissioner of Internal Revenue to the extent necessary in satisfaction of an assessed and unpaid original tax for 1920 which had been assessed June 5, 1921, and remained unpaid at the time the payments totaling the amount above-mentioned were made by plaintiff in 1926. In the prior suit, M–81, supra, this court made detailed findings of fact concerning all the transactions between plaintiff and the Treasury Department with reference to the taxes due by and collected from plaintiff and to the overpayments, credits, refunds, and computations of interest as determined and made by the Commissioner, which findings are not repeated in this case but are made a part of the findings of fact herein by reference.

While the specific claim made by plaintiff in the prior case, M–81, was for additional interest of $47,762.33 alleged to be due on an overpayment of $1,207,619.62 for 1918, the ground for that claim for additional interest which was denied by the court, except as to $9,524.54 representing interest on a refund for a certain payment other than for 1918, was that the Commissioner of Internal Revenue had erroneously and illegally used and applied a portion of the total amount of $1,289,095.42 paid on July 27, 1926. The amount here sought to be recovered is a portion of that amount and the ground of the claim here made is the same as that upon which the claim for additional interest was predicated in the prior suit. The decision of the court in the prior case of Eastman Kodak Co. v. United States, 13 F.Supp. 435, 82 Ct.Cl. 504, and the decision in Standard Oil Company (Indiana) v. United States, 5 F.Supp. 976, 7 F.Supp. 301, 78 Ct.Cl. 714,

preclude recovery of the amount claimed in the instant case. Plaintiff has not overpaid the taxes due by and collected from it, for any year from 1909 to 1920, inclusive, in excess of any overpayment determined and refunded, or credited by the Commissioner. No claim for refund was filed with respect to the amount of $216,966.33 here sought to be recovered within four years after payment, but plaintiff insists that it is entitled to recover the amount here claimed under sec. 145 of the Judicial Code, U.S.Code sec. 250(1), Title 28, 28 U.S.C.A. § 250(1). It was under those sections that the court had jurisdiction of the prior suit, and it is clear from the facts and circumstances that there was no contract, express or implied, which obligated the defendant to refund to plaintiff the amount here sought to be recovered. The amount involved was due from plaintiff and was paid by it as a tax, and it was applied and retained by the defendant as a tax due from plaintiff as a result of a proper and legal determination, assessment, and application as was specifically held by the court in Eastman Kodak Co. v. United States and Standard Oil Company (Indiana) v. United States, supra.

Plaintiff's only complaint in the prior and instant case was, and is, that the amount of $1,289,095.42 paid on July 27, 1926, after the Commissioner had determined deficiencies in that amount for 1909–1917, inclusive, and for 1919, and while there was outstanding an assessed, due, and unpaid original tax of $1,207,619.62 for 1920, should have been applied in satisfaction of the additional taxes determined but not assessed at the time of the payment, for 1909–1917 and for 1919, and that an overassessment of $3,145,338.89 computed for 1918 but not formally allowed on July 27, 1926, should have been credited to the due and unpaid original tax for 1920 which had theretofore been assessed on June 5, 1921. This contention was considered and held to be without merit in the prior case, M–81, and a similar contention was considered and denied in Standard Oil Company (Indiana) v. United States, supra. Plaintiff cites the case of Kirkendall v. United States, 31 F. Supp. 766, 90 Ct.Cl. 606, but the facts in that case so clearly distinguish it from the case at bar as not to require discussion.

The petition is dismissed. It is so ordered.